# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| MARK LYNN SHRADER, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  5:19-CV-00103-RWS |
| v. | § § § | |
| DIRECTOR, TDCJ-CID, | § § § | |
| Defendant. | § § | |

## ORDER

Petitioner Mark Lynn Shrader, an inmate currently confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court referred the matter to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to the applicable laws and orders of this Court.  The Magistrate Judge recommends that the petition for writ of habeas corpus be denied as moot because Shrader has already received the relief he requests by the writ. Docket No. 14.

The Court has received and considered the Report and Recommendation of the Magistrate Judge, along with the record and pleadings.  Shrader objected to the Report and Recommendation. Docket No. 16.  This requires a *de novo* review of the objections in relation to the pleadings and applicable law.  FED. R. CIV. P. 72(b).

Shrader's objections are without merit.  As outlined by the Magistrate Judge, Shrader concedes that his disciplinary conviction was expunged and that his good conduct time was restored.  Shrader has received the relief that he requested by his writ, and no controversy remains

with respect to this petition. The other sanctions imposed, including the loss of privileges, do not implicate a liberty interest and are not actionable in a federal habeas petition.

To the extent that Shrader asserts civil rights violations, they are not cognizable in a petition for write of habeas corpus filed pursuant to 28 U.S.C. § 2254. Shrader is free to file a separate civil rights claim pursuant to 42 U.S.C. § 1983 and pay the requisite filing fee, asserting those separate claims. The Court makes no determination as to the actual merit of those claims.

For the foregoing reasons, Shrader's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the report of the Magistrate Judge.

Furthermore, the Court is of the opinion that Shrader is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certification of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason.  The questions presented are not worthy of encouragement to proceed further.  Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability, and one will not be issued.

It is

**ORDERED** that Shrader's petition is **DISMISSED**.

**So ORDERED and SIGNED this 28th day of July, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE